**John SCHUMATE, Individually and as next friend of Cary Schumate, Appellant,**

v.

**Katie THOMPSON, Appellee.**

**No. 17275.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 15, 1979.

Rehearing Denied April 12, 1979.

Miller, Gann & Perdue, John W. Turner, Houston, for appellant.

Wyckoff, Russell, Dunn & Frazier, Robert L. Adams and James G. Sargent, Houston, for appellee.

Before COLEMAN, C. J., and WARREN and DOYLE, JJ.

WARREN, Justice.

This is an appeal from a summary judgment rendered against a parent who sued a school teacher for personal injuries sustained by his son while playing during recess.

Cary Schumate, the son of appellant, attended a school for the mentally retarded in the Cypress Fairbanks School District. According to plaintiff, in February 1976, the appellee, Katie Thompson, who was Cary's teacher, instructed the teacher's aide, a mentally handicapped person, to take the class outside to play. The aide was allowed to determine the activities in which the children engaged. The aide directed Cary to high jump a stick held by herself and one of Cary's classmates. While high jumping Cary tripped and his head struck the ground, resulting in a fractured vertebra of the neck.

Plaintiff alleged that the classroom teacher, Katie Thompson, was negligent in failing to supervise Cary's activities. The district court rendered summary judgment for the classroom teacher on the basis of immunity granted by the Texas Education Code, section 21.912.

Appellant claims (1) error of the trial court in construing the statute as granting appellee immunity and (2) that Section 21.912 Texas Education Code (Supp. 1978–1979) is unconstitutional, because it violates Article I, Section 13 of the Constitution of the State of Texas and the Fourteenth Amendment of the United States Constitution.

The applicable paragraph of Section 21.912, Vernon's Texas Education Code Annotated (Supp. 1978–1979) (hereinafter cited as Section 21.912), reads as follows:

(b) No professional employee of any school district within this state shall be personally liable for any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students.

Plaintiff's cause of action necessarily is based upon an interpretation that Section 21.912(b) grants immunity to professional employees (which includes teachers) for any act incident to or within the scope of their duties except where excessive force is used when administering discipline or when the negligence of the professional employee results in bodily injury to the student.

Section 21.912(b) has been interpreted otherwise in *Barr v. Bernhard,* 562 S.W.2d 844 (Tex.1978). In that case a high school student was injured when a calf he was attempting to lead struck a support pole of the school agriculture building causing the roof to collapse. Plaintiff sued individual employees and the school alleging negligence in failing to properly inspect the facility, in failing to maintain or supervise the facility, and in allowing the facility to be used in a condition of disrepair.

Discussing the statute in question and the cause of action against the individuals the court said,

There is a language in the last clause which we find to be ambiguous. . . . At first glance, a reading of the last clause would seem to indicate personal liability for professional school employees who use excessive force in the discipline of students or who "use negligence" that results in bodily injury to students.

*Barr v. Bernhard, supra* at 848. The court concluded that,

. . . the Legislature intended in the last clause of subdivision (b) to limit the liability of professional school employees to certain acts incident to the disciplining of students because this is the only manner in which Section 21.912 can reasonably be interpreted as a whole.

*Barr v. Bernhard, supra* at 849.

In his attack on the constitutionality of Section 21.912, plaintiff contends that Article I, Section 13, of the Constitution of the State of Texas is violated. Article I, Section 13 provides in relevant part that, "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." *Texas Const.* art. I, § 13.

The crux of appellant's argument is that in passing Section 21.912 the legislature

eliminated a remedy for a wrong without substituting an alternative, and that Section 21.912 is not a reasonable exercise of the police power. In support of these contentions, he relies on *Lebohm v. City of Galveston,* 154 Tex. 192, 275 S.W.2d 951 (1955).

In that case, the charter of the City of Galveston exempted the city from liability for injuries caused by defective streets. The Texas Supreme Court determined that street maintenance was a proprietary function of the city and not cloaked by governmental immunity. The court then held the provision invalid because it only applied to one city and it withdrew all legal redress for injuries. The case distinguishes its holding from *Silver v. Silver,* 108 Conn. 371, 143 A. 240 (1928) aff'd 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929) and *Campbell v. Paschall,* 132 Tex. 226, 121 S.W.2d 593 (1938), wherein the "Guest Statutes" were approved as being constitutional under the United States and Texas Constitutions respectively. Both "Guest Statutes" limited the liability of the owner or operator to those situations where injury to the gratuitous passengers resulted from the intentional or needless and reckless conduct on the part of the driver. The *Lebohm* Court construed the opinion of the Connecticut Supreme Court as upholding the constitutionality of the guest statute, because the statute "only revised or redefined the common-law duty of care of the host to the guest." *Lebohm v. City of Galveston, supra* 275 S.W.2d at 954 [construing *Silver v. Silver,* 108 Conn. 371, 143 A. 240 (1928), aff'd 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929)]. The *Lebohm* Court discussed, with approval, the decision of the United States Supreme Court affirming the constitutionality of the Connecticut Guest Statute, because the statute "represented a reasonable and permissible exercise by the Legislature of the state's police power to correct abuses and evils arising out of a growing multiplicity of suits by gratuitous passengers contrary to the public welfare." *Lebohm v. City of Galveston, supra* 275 S.W.2d at 954 [construing *Silver v. Silver,* 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929)].

To prevent a multiplicity of suits may be a desirable goal, but this goal pales when compared with the desirability of providing teachers limited protection and freedom from being placed in the position of insurer against injury of each child directly or indirectly placed in their care.

We hold that Section 21.912 of the Texas Education Code is a permissible exercise of the police powers by the legislature and does not violate either Article I, Section 13 of the Texas Constitution or the Fourteenth Amendment of the Constitution of the United States of America.

The trial court's judgment is affirmed.