**James E. WAGNER et al., Appellants,**

**v.**

**ALVARADO INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

**No. 6169.**

Court of Civil Appeals of Texas, Waco.

April 17, 1980.

Rehearing Denied May 8, 1980.

George F. Christie, Pope, Hardwicke, Christie & Rehfeldt, Robert L. Patton, Patton & Gilfeather, Fort Worth, for appellants.

David B. Owen, Morgan, Gambill & Owen, Fort Worth, Frank Betancourt, DeHay & Blanchard, Dallas, Robert M. Mahanay, Mahanay & Higgins, Cleburne, for appellees.

## OPINION

JAMES, Justice.

This is an appeal from a summary judgment. Plaintiff-Appellants James E. Wagner and his daughter, Susan K. Wagner, sued Defendant-Appellees Alvarado Independent School District, Arthur Rasmussen (Susan's physics teacher), Jay Martin (principal of Alvarado High School), and David Wilkinson (Superintendent of the Alvarado I. S. D.), for damages sustained by Susan when she tripped and fell while carrying a glass jar full of acid at Alvarado High School.

On May 24, 1977, Susan Wagner, a junior at Alvarado High School, was attending Appellee Rasmussen's physics class. On that day the class was scheduled to review for the final exam to be given a few days later, but the review did not take the full class period. Alvarado Independent School District had just completed a new building at the high school and the science classes were to be conducted in the new building the next fall. Since many of the students had asked to see the new classrooms and since there was some class time left, Mr. Rasmussen agreed to take those students who so desired to see the new building. All of the science lab equipment and supplies had been moved to the new building except twelve one-gallon jars of assorted acids which remained in the physics classroom at the time. Mr. Rasmussen further suggested that each of the students going on the tour carry one of these bottles with them. All but one of the students agreed to carry a bottle. Susan, like the majority, volunteered to carry a jar of acid. Mr. Rasmussen instructed the students to be very careful in the way they handled these bottles, explaining that they contained dangerous chemicals, and the class remained in a group, under his supervision, as the trip was made to the new building. All the students and the bottles arrived safely at the new laboratory. Sometime later Susan and a friend, without the express request or permission of Mr. Rasmussen, returned to the old classroom to get two remaining bottles of acid. On the second trip to the new building, Susan fell on the stairs, the bottle of acid broke, and Susan received the injuries which form the basis of this suit.

Appellants brought this suit, alleging that all Defendant-Appellees were negligent in: 1) directing and permitting Susan Wagner to engage in such inherently dangerous activity without the consent of her parents; 2) in failing to hire professional and experienced contractors to move the dangerous materials; 3) in failing to use adult employees of Alvarado I. S. D. to move the dangerous materials; 4) in failing to provide Susan Wagner with protective clothing to prevent injury while transporting the dangerous substances; and 5) in failing to flush the skin of Susan Wagner with water immediately after the accident.

Defendant-Appellee Alvarado Independent School District moved for summary judgment claiming its common law governmental immunity. Appellees Rasmussen, Martin, and Wilkinson also moved for sum-

mary judgment claiming immunity under Sec. 21.912, Texas Education Code, as construed in *Barr v. Bernhard*, 562 S.W.2d 844 (Tex.1978). All motions for summary judgment were granted and Appellants appealed as to all judgments. Appellants have since conceded that Alvarado Independent School District is immune from suit but have continued to prosecute the appeal as to the other Appellees. We hold that the judgments as to the remaining Appellees must also stand.

The primary point raised on this appeal is whether the Appellees, as professional school employees, were, as a matter of law, immune from suit in this case. In our opinion the Supreme Court's decision in *Barr v. Bernhard*, cited supra, is definitely controlling in this case. Appellants argue that to apply *Barr* to the facts in this case would be to establish a policy that "when we send our children to school for purposes of education, we submit them to any and all acts, however dangerous or irresponsible, and however unrelated to the purpose of education, that any teacher or administrator may decide upon." We cannot accept this argument. Sec. 21.912, Texas Education Code, as construed in *Barr* does not create an absolute immunity for professional school employees. Rather it creates a "qualified" immunity. *Barr v. Bernhard*, cited supra, at 848. The school employee is not immune from liability for all acts, but is only immune from liability so long as:

1) the acts are *not* acts of discipline, which through the use of excessive force or negligence, resulted in bodily injury;

2) the acts fall within the scope of employment; and

3) the acts involve the exercise of judgment and discretion of the employee.

■■■ In the instant case the acts complained of meet these three requirements and thus the qualified immunity of Sec. 21.912, as construed in *Barr*, does protect the Defendant-Appellants. It is undisputed that the alleged acts of negligence were in no way disciplinary in nature. There is also no controversy regarding the fact that Mr. Rasmussen exercised his judgment and discretion in the incident complained of. Finally, the Appellants' own pleadings unconditionally allege that "at the time of the incident in question, Defendants ARTHUR RASMUSSEN, JAY MARTIN and DAVID WILKINSON were acting within the course and scope of their respective employments as agents, servants and employees of Defendant ALVARADO INDEPENDENT SCHOOL DISTRICT." These pleadings are judicial admissions; and, as such, they remove from this case any issues related to whether or not the alleged acts were committed in the scope of employment. See Ray, *Texas Law of Evidence*, Third Edition, Sec. 1144, and cases cited therein.

Having thus determined that the immunity created by Sec. 21.912, Texas Education Code, is applicable in this case, the judgment of the trial court is affirmed.

AFFIRMED.