Shawn O'HAVER, Minor and Donald R. O'Haver, As Next Friend, Appellants,

v.

Tommy Lee BLAIR, Appellee.

No. B2727.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 22, 1981.

Rehearing Denied Aug. 12, 1981.

Donald O. Ferguson, Gardner, Ferguson & Sommers, San Antonio, for appellants.

Charles L. Smith, San Antonio, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MILLER, Justice.

This is a summary judgment case. Appellants, Shawn O'Haver, and his father Donald R. O'Haver, filed suit against appellee, Tommy Lee Blair, seeking judgment for actual and exemplary damages alleging that appellee, a teacher at Madison High School in San Antonio, shouted obscenities at Shawn O'Haver and then struck him in the mouth. Appellee alleged that under the provisions of Tex.Educ.Code Ann. § 21.-912(b) (Vernon Supp. 1980–1981) he was not

personally liable for the alleged acts. Appellee filed a motion for summary judgment based on this statutory immunity. The trial court sustained appellee's motion for summary judgment. Appellants appeal, alleging five points of error. We reverse and remand.

On Sunday afternoon, October 7, 1979, appellant Shawn O'Haver, a fifteen year old high school student, was playing football with a group of people on the practice football field at Madison High School in San Antonio Texas. The Madison High School football coaches were attending a coaches meeting at the high school on this day, and during the course of the meeting coaches Burkholder and Leonard went to the football field to move the water sprinklers. Coach Burkholder told the group playing on the practice field to leave, and they refused to do so. Burkholder and Leonard returned to the coaches meeting to summon the police. When the other coaches in the meeting were told of the game on the practice field, they got into a pickup truck and drove over to the practice field. The coaches jumped out of the pickup truck upon arrival at the practice field and the appellee, Tommy Blair, pushed Shawn O'Haver to get him to leave, whereupon Shawn started pushing back. The two began to struggle and Tommy Blair struck Shawn O'Haver in the mouth, knocking out two of his teeth and loosening several others.

In their first four points of error appellants contend the trial court erred in sustaining the appellee's motion for summary judgment, because there were numerous material fact issues involved in the case, because the summary judgment proof failed to prove as a matter of law each element of at least one affirmative defense pleaded by appellee, because the appellee failed to show conclusively the facts required to establish at least one element necessary to prove each of appellants causes of action does not exist, and because the affidavits in support of the summary judgment motion are supported by mere conclusions.

The basis of the trial court's granting of summary judgment in favor of coach Blair was Tex.Educ.Code Ann. § 21.912(b) (Vernon Supp. 1980–1981). This subdivision provides:

No professional employee of any school district within this state shall be personally liable for *any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students.* (Emphasis added).

■ In our opinion, the summary judgment was improperly granted by the trial court. A trial court may not grant a summary judgment unless the movant establishes his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

■ In our view the appellee did not conclusively establish all the essential elements required for immunity under § 21.-912(b). The affidavits supporting the appellee's motion for summary judgment do not conclusively establish as a matter of law that Tommy Lee Blair, on the occasion in question, was acting incident to or within the scope of the duties of his position of employment. Additionally, the facts alleged in the affidavit do not conclusively establish as a matter of law that the acts of Tommy Blair in attempting to remove the appellant from the football field involved the exercise of judgment or discretion on his part. Finally, the affidavits do not conclusively establish as a matter of law that Tommy Blair was not disciplining the appellant at the time of the disturbance. Proof of each of the above is required in order to support a summary judgment of immunity under § 21.912(b). *Wagner v. Alvarado Independent School District*, 598 S.W.2d 51, 53 (Tex.Civ.App.-Waco 1980, no writ).

The facts of the instant case are clearly distinguishable from the other cases under § 21.912(b) where summary judgment in favor of the teacher has been upheld. None of the cases involved a teacher striking a student and in all of the cases there was no question the teachers' acts were within the scope of employment, involved judgment or discretion, and were not acts of discipline. Summary judgment in these cases was clearly warranted. *See Barr v. Bernhard*, 562 S.W.2d 844 (Tex.1978) (student injured at Ag Farm when metal pole gave way and roof collapsed on a Saturday with no school personnel present); *Wagner v. Alvarado Independent School District*, 598 S.W.2d 51 (Tex.Civ.App.-Waco 1980, no writ) (student tripped and fell while carrying jar full of acid); *Schumate v. Thompson*, 580 S.W.2d 47 (Tex.Civ.App. Houston [1st Dist.] 1979, writ ref'd n. r. e.) (student injured while jumping a stick during recess). The distinctions in these cases and the present case are obvious. In the case at bar there is no dispute that a teacher struck a student with his fist with enough force to knock out teeth. The affidavits supporting the motion describe what happened on the day in question, but the facts averred do not provide proof as a matter of law of the elements required for immunity under § 21.912(b).

We recognize, of course, the affidavits supporting the motion for summary judgment contain conclusions of both affiants which state the elements of § 21.912(b) were met: Tommy Blair was a professional school employee working within the scope of his duties, his job was one involving or requiring the exercise of judgment and discretion, and he was not disciplining Shawn O'Haver at any time. These conclusions, however, are not sufficient to support the granting of a summary judgment. *Crain v. Davis*, 417 S.W.2d 53, 55 (Tex.1967).

In light of our holding that the motion for summary judgment was legally insufficient in that it did not conclusively prove as a matter of law all the elements of the defense provided by § 21.912(b) of the Texas Education Code we reverse the judgment of the trial court and remand the case for trial on the merits.

Judgment reversed and remanded.