**Jose PULIDO, Jr., Appellant,**

v.

**Jerry DENNIS and James Fairleigh, Appellees.**

No. 08–93–00349–CV.

Court of Appeals of Texas, El Paso.

Oct. 27, 1994.

Timothy Hootman, La Porte, for appellant.

Jeffrey J. Horner, Bracewell & Patterson, L.L.P., Houston, for appellees.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

## OPINION

KOEHLER, Justice.

In this appeal from a take-nothing summary judgment, the question presented is whether a high school principal and a teacher are immune from liability under the provisions of Section 21.912 of the Texas Education Code for injuries inflicted on one student by another student while both were attending class in a public school. We con-

clude that they are immune from such liability and affirm the judgment of the trial court.

## RELEVANT FACTS

Joe Pulido, son of Jose Pulido, Jr. (Pulido), Appellant, was allegedly assaulted by a classmate, Billy Collins, during a vocational education class at La Porte High School, Pulido sustaining a broken jaw as a result of the encounter. Jerry Dennis and James Fairleigh, Appellees, are employed by La Porte Independent School District as principal and teacher, respectively, of the high school. Fairleigh was the teacher in charge of the class at the time the assault occurred. Pulido sued Dennis and Fairleigh[1] in negligence claiming that they were responsible for the safety of students, that they knew or should have known that Collins was a delinquent minor with a known propensity for violence and assaultive behavior, and that their failure to discipline Collins was the proximate cause of Pulido's injuries. The subsequent motions of Dennis and Fairleigh for severance and for summary judgment were granted and a take-nothing judgment was rendered in their favor by the trial court on the grounds that Dennis and Fairleigh as professional employees of the school district were immune from liability under the provisions of Tex.Educ. Code Ann. § 21.912 (Vernon 1987). In a single point of error, Pulido asserts that the trial court erred in granting summary judgment for the reason that Section 21.912 does not cover omissions on the part of professional school employees.

## STANDARD OF REVIEW

 Defendants moving for summary judgment on an affirmative defense must plead and conclusively prove all essential elements of their defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 657 (Tex. App.—Dallas 1992, no writ); *Rayos v. Chrysler Credit Corporation*, 683 S.W.2d 546, 547 (Tex.App.—El Paso 1985, no writ). Matters

---

1. Pulido also sued Billy Collins, the alleged perpetrator of the assault.

of statutory construction are questions of law for the court to decide rather than issues of fact. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 655 (Tex.1989). *See e.g., City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Barr v. Bernhard,* 562 S.W.2d 844 (Tex.1978); *Jones v. Del Andersen & Associates,* 539 S.W.2d 348 (Tex. 1976). Legal conclusions of a trial court are always reviewable on appeal. Trial court findings on the law are given no particular deference. Rather, as the final arbiter of the law, the appellate court has the power and the duty to independently evaluate the legal determinations of the trial court. *Sears, Roebuck and Co. v. Nichols,* 819 S.W.2d 900, 903 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *MJR Corp. v. B & B Vending Co.,* 760 S.W.2d 4, 10 (Tex.App.—Dallas 1988, writ denied).

Because the motion for summary judgment was based on the affirmative defense of governmental immunity under Section 21.912 of the Texas Education Code, we will only reverse the trial court's grant of summary judgment if we find its statutory construction to be erroneous.

Pulido alleged in his petition that his injuries were the proximate result of the failure of Dennis and Fairleigh to carry out their duties to safeguard students, including Pulido, from the assaultive conduct of another student with known propensities for violence. The issue presented on appeal is whether the statutory immunity from liability of professional public school employees for their acts as provided by Section 21.912 of the Texas Education Code, also insulates them from liability for their alleged omissions.

Section 21.912 of the Texas Education Code provides, in relevant part:

(b) No professional employee of any school district within the state shall be personally liable for any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students.

This statute was first interpreted by the Texas Supreme Court in *Barr v. Bernhard,* 562 S.W.2d 844, 848 (Tex.1978), which after finding the language in the last clause to be ambiguous, interpreted it to limit the liability of professional school employees to certain acts incident to the disciplining of students:

We hold Section 21.912(b) ... to mean that a professional school employee is not personally liable for acts done within the scope of employment, and which involve the exercise of judgment or discretion, *except* in circumstances where disciplining a student, the employee uses excessive force or his negligence results in bodily injury to the student. [Emphasis added].

562 S.W.2d at 849. In *Barr* as in the instant case, the plaintiff based his suit against the school district and certain employees upon errors of omission rather than errors of commission. Bernhard was seriously injured when his calf struck a pole which supported the roof of a school-operated barn, causing the roof to collapse onto him. He alleged that defendants were negligent: (1) by failing to properly inspect the facility, (2) by failing to maintain and supervise the facility, and (3) by allowing use of the facility while in a condition of disrepair. The court, noting that there was no claim by Bernhard that his injuries resulted from punishment, found the claim barred by Section 21.912, reversed the judgment of the Court of Civil Appeals and affirmed the trial court's grant of summary judgment. 562 S.W.2d at 849–50.

Following *Barr,* the validity of Section 21.912 has been challenged in several cases on both constitutional and public policy grounds. In *Schumate v. Thompson,* 580 S.W.2d 47 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), also alleging injuries resulting from employee omission (failure to supervise playground activities), Section 21.912 was challenged on constitutional grounds. *Id.* at 48. The Court upheld the statute as a permissible exercise of the police power of the legislature under both Article I, Section 13 of the Texas Constitution and the Fourteenth Amendment of the United States Constitution. 580 S.W.2d at 49.

In *Wagner v. Alvarado Independent School District,* 598 S.W.2d 51 (Tex.Civ. App.—Waco 1980, writ ref'd n.r.e.), the student challenged Section 21.912(b) on public policy grounds stating that to apply *Barr* to a case where, as a result of alleged omissions, the student was injured by acid from a broken bottle, would be to establish a policy that "when we send our children to school for purposes of education, we submit them to any and all acts, however dangerous or irresponsible, and however unrelated to the purpose of education, that any teacher or administrator may decide upon." 598 S.W.2d at 53. The student and her parent sued the teacher and others alleging as negligence one act and three omissions, all of which the Court referred to as "acts". The Court, relying on *Barr,* held that Section 21.912(b) creates a qualified immunity for professional school employee. Such employees are immune from liability so long as: (1) the acts which caused the injuries were not disciplinary in nature; (2) the acts complained of involved the exercise by the employee of judgment and discretion; and (3) the employee was acting in the course and scope of his employment. 598 S.W.2d at 53.

*Barr* was revisited and its interpretation confirmed by the Supreme Court in *Hopkins v. Spring Independent School District,* 736 S.W.2d 617 (Tex.1987). Other cases have consistently held that the immunity granted to school district employees for their negligent acts and omissions is waived only with respect to disciplinary acts involving excessive force. *McManus v. Anahuac Independent School District,* 667 S.W.2d 275, 279 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Diggs v. Bales,* 667 S.W.2d 916, 918 (Tex.App.—Dallas 1984, writ ref'd n.r.e.).

Pulido argues that Section 21.912(b), by its own language, only provides immunity for "any act" and not for an "omission" of a professional school employee. This argument was specifically addressed in *Barr* and *McManus,* where it was determined that the word "negligence" in the context of those cases encompasses both acts and omissions. The argument is therefore without merit. Pulido's contentions are indistinguishable from those raised in *Barr* and its progeny.

Pulido having asserted no cause of action other than that based upon the negligent omissions of Dennis, Fairleigh and the school district, the latter are immune from liability as a matter of law under Section 21.912 and the trial court's grant of summary judgment was proper. The point of error is overruled.

Judgment is affirmed.