City of Austin v. APFFA 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00132-CV







City of Austin, Appellant



v.



Austin Professional Fire Fighters Association, Mark W. Warren, Mickey L. Pike,


James D. Hibbs and Michael J. Marks, Individually and on behalf of


Affected Fire Fighters Employed by the City of Austin, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 93-10686, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING








 Appellees, a class of affected fire fighters employed by the City of Austin (collectively "fire
fighters") (1) sought declaratory and injunctive relief against the City of Austin ("City"), appellant. The fire
fighters' claims hinged on whether the time they had spent in the fire academy as trainees counted toward
their years of service in the fire department for purposes of longevity pay. Holding that time spent in the
fire academy should be included in a fire fighter's service time, the district court granted the fire fighters'
motion for summary judgment and denied the City's motion for summary judgment. The City appeals,
arguing that (1) time spent in the fire academy is not a part of a fire fighter's length of service, and (2) the
fire fighters' claims are barred by the statute of limitations. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 The facts on which the district court's judgment is based are undisputed. The City is and
has been subject to the Fire Fighters' and Police Officers' Civil Service Act, now contained in Chapter 143
of the Texas Local Government Code, and to other provisions of the Texas Local Government Code
(hereinafter "Code"). Under these statutes, fire fighters employed by the City are entitled to certain pay
increments and benefits based on service time with the department. The City pays several seniority
increments based on total length of service in the fire department. Seniority in the Austin Fire Department
affects a fire fighter's longevity pay, step increases within a classification, and, in some circumstances,
overtime pay. See Code §§ 141.032, 143.033 (West 1988 & Supp. 1996). It also affects the number
of seniority points added to a promotional examination grade and the date an employee can become eligible
to take a promotional examination. See Code §§ 143.030, .033(b) (West 1988).

 The City measures the total length of service time in the fire department differently
depending on when a fire fighter was hired. If a fire fighter was hired prior to September 1974, the City
includes time spent as a cadet in the fire academy in calculating service time. For a fire fighter hired after
September 1, 1974, however, time spent as a cadet at the academy is not included as part of his or her
total length of service in the fire department. (2)

 On September 3, 1993, the fire fighters filed the present suit against the City seeking
declaratory and injunctive relief. They claimed the City violated portions of the Fire Fighters' and Police
Officers' Civil Service Act and other provisions of the Code by failing to include time spent as a cadet in
the academy as service time. They also sought recalculation and payment of longevity pay and benefits
earned after September 3, 1989. The trial court granted the fire fighters' motion for summary judgment,
awarded reimbursement of longevity pay, and ordered the City to comply with the requirements of the
Code. The City appeals.


DISCUSSION


 In its first point of error, the City argues that the trial court erred in interpreting the Code
to include time spent as a fire academy cadet as service time in the fire department. The cardinal rule of
statutory interpretation is to effectuate the intent of the legislature. Union Bankers Ins. v. Shelton, 889
S.W.2d 278, 280 (Tex. 1994). Matters of statutory construction are questions of law for the court to
decide rather than issues of fact. Johnson v. City of Fort Worth, 774 S.W.2d 653, 655-56 (Tex. 1989);
Pulido v. Dennis, 888 S.W.2d 518, 519-20 (Tex. App.El Paso 1994, no writ). Legal conclusions of
a trial court are always reviewable on appeal and are given no particular deference. As the final arbiter of
the law, the appellate court has the power and duty to independently evaluate legal determinations of the
trial court. Pulido, 888 S.W.2d at 520; Sears, Roebuck & Co. v. Nichols, 819 S.W.2d 900, 903 (Tex.
App.Houston [14th Dist.] 1991, writ denied). Because the trial court's judgment was based on its
construction of the Code, which no party asserts is ambiguous, we may reverse the summary judgment if
we find the court's statutory construction to be erroneous.

 In the present case, legislative intent is obtained from the language of pertinent sections of
the Code, including the longevity pay provision. See Sherman v. Public Util. Comm'n, 643 S.W.2d 681,
684 (Tex. 1983). The longevity pay provision of the Code states:



 In a municipality with a population of 10,000 or more, each member of the fire
or police department is entitled to receive, in addition to all other money paid for service
rendered in the department, longevity pay of $4 a month for each year of service in the
department, not to exceed 25 years.


Code § 141.032 (West 1988) (emphasis added).

 The City contends that the intention of the legislature not to include time as an academy
cadet in the calculation of service time is found in the statutory definition of the word "member." The City
argues that under section 141.032 only members are entitled to receive longevity pay, and under the Code
fire academy cadets are not members of the department. See Code § 141.009 (West Supp. 1996). (3) 
Thus, the City contends that time as a fire academy cadet does not constitute service time, and, therefore,
the City is not required to include time in the academy in determining longevity pay under the statute. We
disagree.

 We do not read section 141.032 as indicating that service time cannot begin until
membership in the department is achieved. The importance of the word "member" is that present
membership is required in order to receive longevity pay, not that membership is relevant to the actual
calculation of service time. While the City is correct that academy cadets are not "members" of the
department as defined by the Code, that does not address the issue before us. The decisive question is
whether the City is required to count the time spent as a cadet in the fire academy as part of the fire fighter's
total length of service. Therefore, we reject the City's argument that a fire fighter must be a "member" of
the fire department before length of service begins.

 We conclude that including time spent in the fire academy in calculating a fire fighter's
service time is the most reasonable construction of section 141.032. Other provisions of the Code are
relevant in this inquiry. For example, section 143.027 evinces a legislative intent to include time in the fire
academy as service time. Under section 143.027, a fire fighter's time as an academy trainee expressly
counts toward the completion of the required year-long probationary period: (4) "A person appointed to a
beginning position in the fire or police department must serve a probationary period of one year beginning
on that person's date of employment as a fire fighter, police officer, or academy trainee." Code
§ 143.027(a) (West 1988) (emphasis added). Thus, by starting the year long probationary period "from
the date of employment as a[n] . . . academy trainee," section 143.027 expressly treats an academy trainee
as someone who holds "a beginning position in the fire department." As with calculation of the probationary
period, it is reasonable that service time in the department begins on one's appointment to a beginning
position in the department. (5) Cf. Klinger v. City of San Angelo, 902 S.W.2d 669, 675 n.6 (Tex.
App.Austin 1995, writ denied) (stating that employee is entitled to credit for time served in probationary
position); City of Pasadena v. Cunningham, 693 S.W.2d 751, 753 (Tex. App.Houston [14th Dist.]
1985, no writ) (holding that time spent as probationary police officer is used to determine seniority points). 
It would be logically inconsistent for the City to count the time spent as a fire cadet as part of the fire
fighter's probationary year in the fire department, but not as part of the fire fighter's service time in the
department.

 The City also asserts that, in order to accumulate service time with the department, an
academy cadet must be in a "classified" position authorized by city ordinance in accordance with section
143.021(a) of the Code and that the City has discretion whether or not to "classify" probationary
employees. See Code § 143.021(a) (West 1988). Currently, the City does not classify the position of "fire
cadets" and "probationary fire fighters." (6) We believe, however, that whether or not a fire fighter holds a
"classified" position is immaterial to the issue at hand. The longevity pay provision of the Code refers only
to "service in the department" and does not require that service time be limited to positions that are
classified in accordance with section 143.021(a).

 In addition, other provisions of the Code manifest a similar legislative intent. For example,
section 143.033(b) provides distinct methods of earning seniority points for police officers and fire fighters:



 Each police officer is entitled to receive one point for each year of seniority as
a classified police officer in that department, with a maximum of ten points. Each fire
fighter is entitled to receive one point for each year of seniority in that department, with
a maximum of ten points.



Code § 143.033(b) (West 1988) (emphasis added). Thus it appears that under § 143.033(b) police
officers must be classified to receive seniority credit. See Cunningham, 693 S.W.2d at 753. Yet for fire
fighters, all service in the department counts toward seniority credit, whether classified or not.

 Moreover, the City itself appears to treat probationary fire fighters as civil service
employees from their first day at the fire academy. And although the City claims that cadets are not
classified, cadets accrue sick leave and vacation credit at the same rate required for "classified" fire fighters
under the Code, which is a higher rate than for non-classified employees. See Code §§ 143.045, .046
(West 1988).

 The City admits that cadets in the academy are fire department employees and treats the
cadets as part of the fire department in all respects except for determining service time. We hold that under
the Code, the fire fighters are entitled to have their time in the fire academy included in calculating their total
years of service in the fire department. We overrule point of error one.

 In its second point of error, the City alleges that the four-year statute of limitations for
contracts bars the back pay claims of all fire fighters hired more than four years before the date the lawsuit
was filed. (7) See Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (West 1986). While the four-year statute
of limitations applies to this case, (8) the fire fighters' claim is not barred by the statute.

 The fire fighters are paid by the City on a bi-weekly or periodic basis. Where periodic
payments are contractually required, the statute of limitations will bar only those payments due more than
four years before the filing of suit, even though the original breach may have occurred more than four years
before suit was filed. See F. D. Stella Products Co. v. Scott, 875 S.W.2d 462, 465-66 (Tex.
App.Austin 1994, no writ); cf. Gabriel v. Alhabbal, 618 S.W.2d 894, 897 (Tex. Civ. App.Houston
[1st Dist.] 1981, writ ref'd n.r.e.) (finding that statute of limitations for suit on note payable in installments
runs against each installment from time it becomes due). As we stated in Stella Products:



 [A] suit for the breach of a contract requiring payment in periodic installments may
include all payments due within the four-year statute of limitations period, even if the initial
breach was beyond the limitations period. Recovery of any payments due before the four-year limit is barred, since a suit on each individual payment more than four years overdue
would also be barred.



875 S.W.2d at 465. Thus, the fire fighters' claims are not barred by the statute of limitations even though
they initially arose outside the applicable period. The fire fighters can recover, however, only for pay
periods in which longevity pay was wrongfully withheld during the four years prior to the date suit was filed.

 Because this cause was filed on September 3, 1993, the fire fighters can recover
reimbursement only for the paychecks received after September 3, 1989. The trial court judgment
awarded back pay only for that period. Thus, the claims on which the fire fighters recovered are not barred
by limitations. We overrule point of error two.



CONCLUSION


 We construe the relevant provisions of the Code to include a fire fighter's time spent in the
fire academy as part of his or her years of service in the fire department for purposes of longevity pay. In
addition, we conclude that the fire fighters' claims are not barred by the statute of limitations. Accordingly,
we affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie, and Jones

Affirmed

Filed: November 6, 1996

Publish
1.   The Austin Professional Fire Fighters Association, Mark W. Warren, Mickey L. Pike,
James D. Hibbs, and Michael J. Marks brought suit individually and representing a certified
class defined to include the following persons:


All classified fire fighters employed by the City of Austin Fire Department at any
time after September 3, 1989, for whom the City of Austin has failed to include
time spent as a cadet in the Fire Academy in calculating seniority for purposes of
determining pay and other benefits which are based in whole or in part on the
person's length of seniority in the Austin Fire Department.
2.   The City states that it has been unable to determine why, in 1974, it stopped counting
time spent in the fire academy as part of a fire fighter's total length of service.
3.   The definition of "member" contained in section 141.009 of the Code incorporates the
definition of "fire protection personnel" contained in section 419.001 of the Texas
Government Code (subsequently renumbered § 419.021). Section 419.021(3) defines "fire
protection personnel" as:


 (A) permanent, fully paid, full-time law enforcement officers designated as
fire and arson investigators by an appropriate local authority; or


 (B) permanent, fully paid, full-time fire department employees who are not
secretaries, stenographers, clerks, budget analysis, or similar support staff
persons or other administrative employees and who are assigned duties in one or
more of the following categories:


   (i) fire suppression;

  (ii) fire inspection;

 (iii) fire and arson investigation;

  (iv) marine fire fighting;

   (v) aircraft fire fighting and rescue;

  (vi) fire training;

 (vii) fire education;

(viii) fire administration;

  (ix) any other position necessarily or customarily related to
fire prevention and suppression.


Tex. Gov't Code Ann. § 419.021 (West Supp. 1996).
4.   Once employed by the city, a new fire fighter spends his first year of employment in a
probationary status. See Code § 143.027. Time spent as a cadet at the fire academy is counted as
part of the fire fighter's one year probationary period. Id. After graduation from the academy, the
remainder of the cadet's first year is spent as a probationary fire fighter assigned to a station. At the
conclusion of one year of employment, beginning on the date of entry into the Academy, the fire fighter
automatically becomes a non-probationary employee.
5.   By the phrase "beginning position," section 143.027 clearly contemplates a position that
is directly related in some way to fire fighting. See Code §§ 143.025, .026 (West 1988). Thus,
employment by a fire department in a position unrelated to fire fighting might not need to be counted
toward service time (as, for example, where a person was initially hired as a janitor but later became a
fire fighter and eventually a member of the department). Participation as a cadet in the fire academy is
directly related to fire fighting.
6.   The City's beginning classified position in the fire department is that of "Fire Fighter,"
and an entry level employee does not become a "Fire Fighter" until completion of the
probationary year. See Austin, Tex., Ordinance 950126-B (Jan. 26, 1995).
7.   The City argues that the fire fighters' cause of action arose in 1975, when the City
changed its policy and stopped including time spent in the fire academy as service time.
8.   The fire fighters' claim for back longevity pay is a suit to collect a debt and is governed
by the four-year statute of limitations. See Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3)
(West 1986).



 persons:


All classified fire fighters employed by the City of Austin Fire Department at any
time after September 3, 1989, for whom the City of Austin has failed to include
time spent as a cadet in the Fire Academy in calculating seniority for purposes of
determining pay and other benefits which are based in whole or in part on the
person's length of seniority in the Austin Fire Department.
2.   The City states that it has been unable to determine why, in 1974, it stopped counting
time spent in the fire academy as part of a fire fighter's total length of service.
3.   The definition of "member" contained in section 141.009 of the Code incorporates the
definition of "fire protection personnel" contained in section 419.001 of the Texas
Government Code (subsequently renumbered § 419.021). Section 419.021(3) defines "fire
protection personnel" as:


 (A) permanent, fully paid, full-time law enforcement officers designated as
fire and arson investigators by an appropriate local authority; or


 (B) permanent, fully paid, full-time fire department employees who are not
secretaries, stenographers, clerks, budget analysis, or similar support staff
persons or other administrative