**CITY OF AUSTIN, Appellant,**

v.

**AUSTIN PROFESSIONAL FIRE FIGHTERS ASSOCIATION, Mark W. Warren, Mickey L. Pike, James D. Hibbs and Michael J. Marks, Individually and on behalf of Affected Fire Fighters Employed by the City of Austin, Appellees.**

No. 03–96–00132–CV.

Court of Appeals of Texas, Austin.

Nov. 6, 1996.

Rehearing Overruled Jan. 9, 1997.

---

7. *Id.*

Andrew F. Martin, City Attorney, Frederick A. Hawkins, Assistant City Attorney, Austin, for Appellant.

B. Craig Deats, Jenkins & Deats, P.C., Austin, for Appellees.

Before POWERS, ABOUSSIE and JONES, JJ.

JONES, Justice.

Appellees, a class of affected fire fighters employed by the City of Austin (collectively "fire fighters")[1] sought declaratory and injunctive relief against the City of Austin ("City"), appellant. The fire fighters' claims hinged on whether the time they had spent in the fire academy as trainees counted toward their years of service in the fire department for purposes of longevity pay. Holding that time spent in the fire academy should be included in a fire fighter's service time, the district court granted the fire fighters' motion for summary judgment and denied the City's motion for summary judgment. The City appeals, arguing that (1) time spent in the fire academy is not a part of a fire fighter's length of service, and (2) the fire fighters' claims are barred by the statute of limitations. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts on which the district court's judgment is based are undisputed. The City is and has been subject to the Fire Fighters' and Police Officers' Civil Service Act, now contained in Chapter 143 of the Texas Local Government Code, and to other provisions of the Texas Local Government Code (hereinafter "Code"). Under these statutes, fire fighters employed by the City are entitled to certain pay increments and benefits based on

---

**1.** The Austin Professional Fire Fighters Association, Mark W. Warren, Mickey L. Pike, James D. Hibbs, and Michael J. Marks brought suit individually and representing a certified class defined to include the following persons:

All classified fire fighters employed by the City of Austin Fire Department at any time after September 3, 1989, for whom the City of Austin has failed to include time spent as a cadet in the Fire Academy in calculating seniority for purposes of determining pay and other benefits which are based in whole or in part on the person's length of seniority in the Austin Fire Department.

service time with the department. The City pays several seniority increments based on total length of service in the fire department. Seniority in the Austin Fire Department affects a fire fighter's longevity pay, step increases within a classification, and, in some circumstances, overtime pay. *See* Code §§ 141.032, 143.033 (West 1988 & Supp.1996). It also affects the number of seniority points added to a promotional examination grade and the date an employee can become eligible to take a promotional examination. *See* Code §§ 143.030, .033(b) (West 1988).

The City measures the total length of service time in the fire department differently depending on when a fire fighter was hired. If a fire fighter was hired prior to September 1974, the City *includes* time spent as a cadet in the fire academy in calculating service time. For a fire fighter hired after September 1, 1974, however, time spent as a cadet at the academy is not included as part of his or her total length of service in the fire department.[2]

On September 3, 1993, the fire fighters filed the present suit against the City seeking declaratory and injunctive relief. They claimed the City violated portions of the Fire Fighters' and Police Officers' Civil Service Act and other provisions of the Code by failing to include time spent as a cadet in the academy as service time. They also sought recalculation and payment of longevity pay and benefits earned after September 3, 1989. The trial court granted the fire fighters' motion for summary judgment, awarded reimbursement of longevity pay, and ordered the City to comply with the requirements of the Code. The City appeals.

### DISCUSSION

■ In its first point of error, the City argues that the trial court erred in interpreting the Code to include time spent as a fire academy cadet as service time in the fire department. The cardinal rule of statutory interpretation is to effectuate the intent of the legislature. *Union Bankers Ins. v. Shel-*

*ton,* 889 S.W.2d 278, 280 (Tex.1994). Matters of statutory construction are questions of law for the court to decide rather than issues of fact. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 655–56 (Tex.1989); *Pulido v. Dennis,* 888 S.W.2d 518, 519–20 (Tex.App.-El Paso 1994, no writ). Legal conclusions of a trial court are always reviewable on appeal and are given no particular deference. As the final arbiter of the law, the appellate court has the power and duty to independently evaluate legal determinations of the trial court. *Pulido,* 888 S.W.2d at 520; *Sears, Roebuck & Co. v. Nichols,* 819 S.W.2d 900, 903 (Tex.App.-Houston [14th Dist.] 1991, writ denied). Because the trial court's judgment was based on its construction of the Code, which no party asserts is ambiguous, we may reverse the summary judgment if we find the court's statutory construction to be erroneous.

■ In the present case, legislative intent is obtained from the language of pertinent sections of the Code, including the longevity pay provision. *See Sherman v. Public Util. Comm'n,* 643 S.W.2d 681, 684 (Tex.1983). The longevity pay provision of the Code states:

In a municipality with a population of 10,000 or more, *each member of the fire or police department is entitled to receive,* in addition to all other money paid for service rendered in the department, longevity pay of $4 a month *for each year of service in the department,* not to exceed 25 years.

Code § 141.032 (West 1988) (emphasis added).

■ The City contends that the intention of the legislature not to include time as an academy cadet in the calculation of service time is found in the statutory definition of the word "member." The City argues that under section 141.032 only members are entitled to receive longevity pay, and under the Code fire academy cadets are not members of the department. *See* Code § 141.009 (West Supp.1996).[3] Thus, the City contends

---

2. The City states that it has been unable to determine why, in 1974, it stopped counting time spent in the fire academy as part of a fire fighter's total length of service.

3. The definition of "member" contained in section 141.009 of the Code incorporates the definition of "fire protection personnel" contained in section 419.001 of the Texas Government Code

that time as a fire academy cadet does not constitute service time, and, therefore, the City is not required to include time in the academy in determining longevity pay under the statute. We disagree.

We do not read section 141.032 as indicating that service time cannot begin until membership in the department is achieved. The importance of the word "member" is that *present* membership is required in order to receive longevity pay, not that membership is relevant to the actual calculation of service time. While the City is correct that academy cadets are not "members" of the department as defined by the Code, that does not address the issue before us. The decisive question is whether the City is required to count the time spent as a cadet in the fire academy as part of the fire fighter's total length of service. Therefore, we reject the City's argument that a fire fighter must be a "member" of the fire department before length of service begins.

We conclude that including time spent in the fire academy in calculating a fire fighter's service time is the most reasonable construction of section 141.032. Other provisions of the Code are relevant in this inquiry. For example, section 143.027 evinces a legislative intent to include time in the fire academy as service time. Under section 143.027, a fire

fighter's time as an academy trainee expressly counts toward the completion of the required year-long probationary period:[4] "A person appointed to a beginning position in the fire or police department must serve a probationary period of one year beginning on that person's date of employment as a fire fighter, police officer, or *academy trainee*." Code § 143.027(a) (West 1988) (emphasis added). Thus, by starting the year long probationary period "from the date of employment as a[n] ... academy trainee," section 143.027 expressly treats an academy trainee as someone who holds "a beginning position in the fire department." As with calculation of the probationary period, it is reasonable that service time in the department begins on one's appointment to a beginning position in the department.[5] *Cf. Klinger v. City of San Angelo*, 902 S.W.2d 669, 675 n. 6 (Tex.App.-Austin 1995, writ denied) (stating that employee is entitled to credit for time served in probationary position); *City of Pasadena v. Cunningham*, 693 S.W.2d 751, 753 (Tex.App.-Houston [14th Dist.] 1985, no writ) (holding that time spent as probationary police officer is used to determine seniority points). It would be logically inconsistent for the City to count the time spent as a fire cadet as part of the fire fighter's probationary year in the fire department, but not as

(subsequently renumbered § 419.021). Section 419.021(3) defines "fire protection personnel" as:

(A) permanent, fully paid, full-time law enforcement officers designated as fire and arson investigators by an appropriate local authority; or

(B) permanent, fully paid, full-time fire department employees who are not secretaries, stenographers, clerks, budget analysis, or similar support staff persons or other administrative employees and who are assigned duties in one or more of the following categories:

(i) fire suppression;
(ii) fire inspection;
(iii) fire and arson investigation;
(iv) marine fire fighting;
(v) aircraft fire fighting and rescue;
(vi) fire training;
(vii) fire education;
(viii) fire administration;
(ix) any other position necessarily or customarily related to fire prevention and suppression.

Tex. Gov't Code Ann. § 419.021 (West Supp. 1996).

4. Once employed by the city, a new fire fighter spends his first year of employment in a probationary status. *See* Code § 143.027. Time spent as a cadet at the fire academy is counted as part of the fire fighter's one year probationary period. *Id.* After graduation from the academy, the remainder of the cadet's first year is spent as a probationary fire fighter assigned to a station. At the conclusion of one year of employment, beginning on the date of entry into the Academy, the fire fighter automatically becomes a non-probationary employee.

5. By the phrase "beginning position," section 143.027 clearly contemplates a position that is directly related in some way to fire fighting. *See* Code §§ 143.025, .026 (West 1988). Thus, employment by a fire department in a position unrelated to fire fighting might not need to be counted toward service time (as, for example, where a person was initially hired as a janitor but later became a fire fighter and eventually a member of the department). Participation as a cadet in the fire academy is directly related to fire fighting.

part of the fire fighter's service time in the department.

■ The City also asserts that, in order to accumulate service time with the department, an academy cadet must be in a "classified" position authorized by city ordinance in accordance with section 143.021(a) of the Code and that the City has discretion whether or not to "classify" probationary employees. *See* Code § 143.021(a) (West 1988). Currently, the City does not classify the position of "fire cadets" and "probationary fire fighters." [6] We believe, however, that whether or not a fire fighter holds a "classified" position is immaterial to the issue at hand. The longevity pay provision of the Code refers only to "service in the department" and does not require that service time be limited to positions that are classified in accordance with section 143.021(a).

In addition, other provisions of the Code manifest a similar legislative intent. For example, section 143.033(b) provides distinct methods of earning seniority points for police officers and fire fighters:

Each police officer is entitled to receive one point for *each year of seniority as a classified police officer in that department,* with a maximum of ten points. Each fire fighter is entitled to receive one point for *each year of seniority in that department,* with a maximum of ten points.

Code § 143.033(b) (West 1988) (emphasis added). Thus it appears that under § 143.033(b) police officers must be classified to receive seniority credit. *See Cunningham,* 693 S.W.2d at 753. Yet for fire fighters, all service in the department counts toward seniority credit, whether classified or not.

Moreover, the City itself appears to treat probationary fire fighters as civil service employees from their first day at the fire academy. And although the City claims that ca-

dets are not classified, cadets accrue sick leave and vacation credit at the same rate required for "classified" fire fighters under the Code, which is a higher rate than for non-classified employees. *See* Code §§ 143.045, .046 (West 1988).

The City admits that cadets in the academy are fire department employees and treats the cadets as part of the fire department in all respects except for determining service time. We hold that under the Code, the fire fighters are entitled to have their time in the fire academy included in calculating their total years of service in the fire department. We overrule point of error one.

■ In its second point of error, the City alleges that the four-year statute of limitations for contracts bars the back pay claims of all fire fighters hired more than four years before the date the lawsuit was filed.[7] *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.004 (West 1986). While the four-year statute of limitations applies to this case,[8] the fire fighters' claim is not barred by the statute.

The fire fighters are paid by the City on a bi-weekly or periodic basis. Where periodic payments are contractually required, the statute of limitations will bar only those payments due more than four years before the filing of suit, even though the original breach may have occurred more than four years before suit was filed. *See F.D. Stella Products Co. v. Scott,* 875 S.W.2d 462, 465–66 (Tex.App.-Austin 1994, no writ); *cf. Gabriel v. Alhabbal,* 618 S.W.2d 894, 897 (Tex.Civ. App.-Houston [1st Dist.] 1981, writ ref'd n.r.e.) (finding that statute of limitations for suit on note payable in installments runs against each installment from time it becomes due). As we stated in *Stella Products:*

6. The City's beginning classified position in the fire department is that of "Fire Fighter," and an entry level employee does not become a "Fire Fighter" until completion of the probationary year. *See* Austin, Tex., Ordinance 950126–B (Jan. 26, 1995).

7. The City argues that the fire fighters' cause of action arose in 1975, when the City changed its

policy and stopped including time spent in the fire academy as service time.

8. The fire fighters' claim for back longevity pay is a suit to collect a debt and is governed by the four-year statute of limitations. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.004(a)(3) (West 1986).

[A] suit for the breach of a contract requiring payment in periodic installments may include all payments due within the four-year statute of limitations period, even if the initial breach was beyond the limitations period. Recovery of any payments due before the four-year limit is barred, since a suit on each individual payment more than four years overdue would also be barred.

875 S.W.2d at 465. Thus, the fire fighters' claims are not barred by the statute of limitations even though they initially arose outside the applicable period. The fire fighters can recover, however, only for pay periods in which longevity pay was wrongfully withheld during the four years prior to the date suit was filed.

Because this cause was filed on September 3, 1993, the fire fighters can recover reimbursement only for the paychecks received after September 3, 1989. The trial court judgment awarded back pay only for that period. Thus, the claims on which the fire fighters recovered are not barred by limitations. We overrule point of error two.

### CONCLUSION

We construe the relevant provisions of the Code to include a fire fighter's time spent in the fire academy as part of his or her years of service in the fire department for purposes of longevity pay. In addition, we conclude that the fire fighters' claims are not barred by the statute of limitations. Accordingly, we affirm the judgment of the trial court.