**Elmer DIGGS, et ux., Appellants,**

**v.**

**Becky BALES and Plano Independent School District, Appellees.**

**No. 05–83–00129–CV.**

Court of Appeals of Texas, Dallas.

March 7, 1984.

Rehearing Denied April 5, 1984.

Roy J. True, Ronald E. Deutsch, of True & McLain, Dallas, for appellants.

Gerald C. Conley, of Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellees.

Before STOREY, WHITHAM and ROWE, JJ.

WHITHAM, Justice.

This case involves interpretation of TEX. EDUC.CODE ANN. § 21.912(b) (Vernon Supp.1982–1983) and the doctrine of governmental immunity. Appellants, Elmer Diggs, et ux, individually and as parents and natural guardians of Paul Diggs, brought this action seeking recovery for personal injuries allegedly sustained by Paul while he was attending class at the appellee, Plano Independent School District, when he was struck in the eye by an object allegedly shot at him by another student. Appellee, Becky Bales, was the teacher in charge of Paul's classroom at the time of the incident. Diggs' action against Bales alleged negligence in her supervision of the classroom under TEX. EDUC.CODE ANN. § 21.912. Diggs' action against the school district was based on a theory of respondeat superior. The trial court rendered summary judgment in favor of Bales and the school district. At oral argument, Diggs conceded that summary judgment in favor of the school district was proper under the doctrine of governmental immunity. We conclude that Bales had no liability for the alleged injuries. Accordingly, we affirm.

Diggs brings this action against Bales as a "professional employee" of the school district, as defined in TEX.EDUC.CODE ANN. § 21.912(d), acting within the scope of her employment. Subsection (b) of § 21.912 states:

> No professional employee of any school district within this State shall be personally liable for any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students.

In *Barr v. Bernhard*, 562 S.W.2d 844 (Tex.1978), subsection (b) of § 21.912 was interpreted by our Supreme Court as creating immunity for professional employees except in situations where bodily injury to a student results from the employee's use of excessive force or the employee is negligent in punishing the student.

We conclude that the legislature intended in the last clause of subdivision (b) to limit the liability of professional school employees to certain acts incident to the disciplining of students because this is the only manner in which section 21.912 can reasonably be interpreted as a whole.

\* \* \* \* \* \*

We hold section 21.912(b) of the Texas Education Code to mean that a professional school employee is not personally liable for acts done within the scope of employment, and which involve the exercise of judgment or discretion, except in circumstances where disciplining a student, the employee uses excessive force or his negligence results in bodily injury to the student.

As there were no issues in this case concerning the punishment of Bernhard, we hold that the trial court was correct in granting the individual defendants' motion for summary judgment.

*Barr,* 562 S.W.2d at 849. *Barr* has been followed by other courts of appeals. *Wagner v. Alvarado Independent School District,* 598 S.W.2d 51 (Tex.Civ.App.—Waco 1980, no writ) (student injured carrying acid to new class building; summary judgment for defendant teacher affirmed); *Schumate v. Thompson,* 580 S.W.2d 47 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.) (allegations of negligent supervision of student resulting in injuries; summary judgment for defendant teacher affirmed).

Diggs recognizes that § 21.912(b) as interpreted in *Barr* dictates summary judgment. Diggs argues, however, that the Supreme Court wrongly interpreted § 21.912(b) and asks this court to ignore the holding in *Barr.* We decline to do so. Courts of Appeals, as intermediate appellate courts, are bound by the pronouncements of the Supreme Court on the law until the Supreme Court states to the contrary. *Swilley v. McCain,* 374 S.W.2d 871, 875 (Tex.1964); *Jones v. Hutchinson County,* 615 S.W.2d 927, 933 (Tex.Civ.App.—Amarillo 1981, no writ).

In the present case, as in *Barr,* there are no issues concerning punishment of Paul. We hold, therefore, that under § 21.912(b), and the holding in *Barr,* there can be no personal liability imposed upon Bales even if all conceivable inferences are drawn favorably to the truthfulness of Diggs' pleadings and summary judgment proof. Moreover, we conclude that *Barr* correctly interprets § 21.912(b) to provide total immunity for professional school employees, "except in circumstances where *disciplining a student,* the employee uses excessive force or his negligence results in bodily injury to the student." 562 S.W.2d at 849 (emphasis ours). In student discipline, force is sometimes applied in the punishment, i.e., corporeal punishment. In other instances, the punishment involves no force, but rather requires some action on the part of the student as a result of which the student suffers bodily injury. An example of the latter instance would be running laps around an athletic field. It is conceivable that an act or failure to act on the part of the professional employee might be a proximate cause of bodily injury suffered by a student in running the laps. We conclude that the phrase "negligence resulting in bodily injury to students," as used in § 21.912(b) is directed at the latter manner of student discipline in which no force is used but negligence in the imposition of the punishment results "in bodily injury to [the student]."

It follows, therefore, that Diggs' two points of error must be overruled. Accordingly, the judgment of the trial court is affirmed.