**Ex parte Eduardo ORTEGA, Relator.**

**No. A14–88–00661–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 20, 1988.

Michael P. Mallia, Houston, for appellant.

A. Robert Hinojosa, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This writ of habeas corpus case involves the validity and enforcement of temporary orders entered in a family law case.

Relator makes two fundamental contentions. First, he asserts that the 1986 legislative amendment to § 14.31(a) of the Texas Family Code (Vernon Supp.1988), which substituted "a final" for "the" following "motion to enforce," had the effect of making only a *final* order, judgment or decree enforceable by contempt. Secondly, relator contends that the rule of *Ex parte Threet*, 160 Tex. 482, 333 S.W.2d 361 (1960), allowing the establishment of a common law marriage by a prima facie case as a basis for temporary orders in a divorce case, is unconstitutional. The basis of this contention is a due process argument.

Relator and his wife were divorced in 1984. Shortly thereafter the couple and their three children resumed living together. In the early part of 1988 relator moved out of the family home. His wife sued for a second divorce alleging a common law marriage under TEX.FAM. CODE ANN. § 1.91 (Vernon 1975).

After notice and hearing (26 days after service) the trial court concluded that Mrs. Ortega had established a prima facie case showing (1) an agreement to be husband and wife; (2) living together as husband and wife; and (3) holding out to others that the parties were husband and wife. Ten witnesses testified pro and con at the hearing and the trial court concluded that under *Ex parte Threet,* 160 Tex. 482, 333 S.W.2d 361 (1960) the wife had established a prima facie case of common law marriage sufficient to authorize temporary orders. Judge Stansbury ordered temporary support for her and the three children in the amount of $2100.00 per month. Upon relator's failure to pay, contempt procedures were initiated. He was found in contempt and ordered confined in the Fort Bend County Jail. Upon filing this writ we set bond, ordered the relator released, and scheduled the petition for oral argument. Following this hearing, we have concluded that relator has failed to show that the order of the trial court is void. We therefore deny the writ and remand relator to the custody of the sheriff of Fort Bend County. We will order the return of his cash bond upon satisfactory proof of his return to custody, subject to further orders of this court.

■ We should also note that we disapprove of relator's failure to advise this court that he had previously filed a petition for mandamus and motion for temporary relief in this case in the First Court of Appeals in Houston. *Ortega v. Stansbury,* No. 01–88–00601–CV (Tex.App.—Houston [1st Dist.], July 13, 1988, n.w.h.) [available on WESTLAW, 1988 WL 73316]. He should have advised us that he had sought relief from our sister court by way of mandamus when he sought this writ.

■ The relator's statutory construction by which he concludes that the amendment of TEX.FAM.CODE ANN. § 14.31(a) deprives family law courts the power to enforce *temporary* orders by court is rejected. In the first place, TEX.FAM.CODE ANN. § 3.58(f) and TEX.FAM.CODE ANN. § 11.11(a)(2) provide statutory authority for temporary support and enforcement. Also, the court has inherent authority to enforce its decrees. The legislature may not, consistent with separation of powers, turn the courts of this State into toothless tigers.

■ Relator's constitutional argument comes down to the contention that the rule of *Ex parte Threet,* 160 Tex. 482, 333 S.W. 2d 361, 363–64 (1960) is unconstitutional. The Texas supreme court in *Threet* held that when a common law marriage is in dispute the party seeking temporary relief from the court has the burden to establish the elements of such marriage by at least a prima facie case. In the case under consideration relator was given ample notice. After a full hearing the court held that real party in interest had met the burden of *Threet.* Relator has not established any failure to accord him due process of law. Furthermore, if the rule of *Threet* is to be declared unconstitutional or abandoned, it is a matter appropriate for the supreme court to consider, not this court. *Diggs v. Bales,* 667 S.W.2d 916 (Tex.Civ.App.—Dallas 1984, writ ref'd n.r.e.); *Bruno v. Bruno,* 589 S.W.2d 179 (Tex.Civ.App.-Waco 1970, writ ref'd. n.r.e.).

The writ is denied. Relator is ordered remanded to the custody of the Fort Bend County Sheriff. His $10,000.00 cash bond will be returned upon the establishment of his return to custody subject to further orders of this court.

WRIT DENIED.