TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00637-CV






Debo Puryear, Appellant



v.



Carolyn Cockfield as Next Friend and Parent of Zutella Holmes, a Minor, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 234,760, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING 






 The issue in this interlocutory appeal is whether Debo Puryear, an elementary
school teacher, established she was immune from tort liability as a matter of law. Tex. Educ.
Code Ann. § 22.051(a), (c) (West 1996). By one point of error, Puryear contends the trial court
erred in overruling her motion for summary judgment. Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(5) (West 1997). We will affirm the trial court's order.


Factual and Procedural Background


 During the 1995-1996 school year, Puryear taught second grade at Austin
Independent School District's Zavala Elementary School. Zutella Holmes was a student in her
class. On January 3, 1996, with the consent of the school principal, Puryear took her forty-pound
springer spaniel to her class for use as a teaching tool. She specifically intended to teach the
children how to care for a dog and generally acquaint them with the responsibilities of having a
pet. That morning Puryear talked to the children about how dogs communicate and some
particular needs of dogs. She also did a role reversal and explained how dogs get to know people. 
Additionally, she talked with the children about her rules regarding animals in the classroom. 
Later in the morning, the dog sat on Puryear's lap while she read a story to the children. During
group reading time, she allowed the dog to be a reading partner; during the remainder of the
segment, the dog wandered from group to group. For the rest of the day, the dog wandered freely
about the classroom. During the afternoon, while the students were lying on the floor doing math
exercises, the unrestrained dog slept under a large table in the front of the room. When Zutella
crawled under the table to retrieve a pencil, the dog bit her.

 Carolyn Cockfield, on Zutella's behalf, sued Puryear for personal injuries Zutella
sustained as a result of the dog bite. Cockfield alleged Puryear negligently supervised her dog
by failing to restrain the dog on a leash or keep it in a secure enclosure while the dog was at
school. Puryear moved for summary judgment asserting immunity under the Texas Education
Code, section 22.051. In response, Cockfield contended Puryear failed to establish as a matter
of law that she was entitled to immunity. The trial court agreed with Cockfield and overruled the
motion for summary judgment.


Discussion


 By her sole point of error, Puryear contends the trial court erred by denying her
motion for summary judgment because she established she was entitled to qualified immunity as
a matter of law.

 The standards for reviewing a summary judgment are well settled: (1) the movant
must show there is no genuine issue of material fact and that it is entitled to judgment as a matter
of law; (2) in deciding whether there is a disputed material fact issue precluding summary
judgment, the court must take evidence favorable to the nonmovant as true; and (3) the court must
indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the
nonmovant's favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985). To be entitled to summary judgment based upon an affirmative defense, the movant must
prove all elements of the defense as a matter of law. Friendswood Dev. Co. v. McDade, 926
S.W.2d 280 (Tex. 1996).

 A school teacher is not personally liable for any act that is incident to or within the
scope of the teacher's duties and involves the exercise of the teacher's judgment or discretion,
except in circumstances when a teacher uses excessive force in disciplining students or negligence
resulting in bodily injury to students. (1) Downing v. Brown, 935 S.W.2d 112, 114 (Tex. 1996);
Hopkins v. Spring Indep. Sch. Dist., 736 S.W.2d 617, 618 (Tex. 1987); Barr v. Bernhard, 562
S.W.2d 844, 849 (Tex. 1978); Tex. Educ. Code Ann. § 22.051(a), (c) (West 1996).

 As summary judgment evidence, Puryear submitted only her affidavit and an
affidavit from Zavala's principal, Alejandro Mindez-Milton. Puryear stated,


On January 3, 1996, I brought my dog to school for reasons related to the business
of teaching. This was done with the full consent of my principal, Alejandro
Mindez-Milton, and was intended to educate the children about the responsibilities
of having a pet. The dog was not used as a disciplinary measure against the
children.



Mindez-Milton stated,


On January 3, 1996, Ms. Puryear brought her dog to school as a part of a pilot
program we were trying, known as "Girl Ann Program." She brought her dog to
school with my knowledge and consent for reasons related to the business of
teaching. (2)



Puryear contends the act of bringing her dog to school was within the scope of her duties as a
teacher and involved the exercise of her judgment and discretion. Further, she contends as long
as the dog was brought to school for reasons related to teaching and she was teaching at the time
of the incident, immunity should apply. Puryear asserts she conclusively established she was
entitled to qualified immunity.

 In response, Cockfield points out that at the time Zutella was bitten Puryear was
not using the dog directly in any teaching or educational capacity. Cockfield contends Puryear
failed to establish that at the time Zutella was bitten the issues of the dog's presence in the
classroom and whether it was properly restrained were related to or within the scope of Puryear's
teaching duties as a matter of law. Consequently, Cockfield argues that Puryear failed to show
she was entitled to summary judgment on the basis of qualified immunity.

 The summary judgment evidence does not conclusively show that Puryear was
using the dog as a teaching tool at the time Zutella was bitten. Except for the morning discussion,
the dog sitting on Puryear's lap during a reading segment, and the dog serving as a reading
partner for some of the children, the dog wandered freely about the room.

 We hold, under the facts of this case, that the affidavits supporting Puryear's
motion for summary judgment do not conclusively establish she was entitled to immunity. We
agree with Puryear that the affidavits she submitted show the dog was brought to school for
purposes related to teaching. However, although Puryear was teaching at the time of the incident,
the summary judgment evidence does not conclusively show that she was using the dog in her
instruction, nor is there any evidence of her plans to use the dog for instruction later in the day.
While the negligent acts, if any, occurred while Puryear was instructing the class, the dog had not
been directly involved in any instruction for some time. Simply because the dog was brought to
school and used for teaching purposes at some point during the day does not necessarily mean
Puryear was immune from negligence claims relating to the dog at times when the dog was not
being used for instruction. See Stimpson v. Plano Indep. Sch. Dist., 743 S.W.2d 944, 948 (Tex.
App.--Dallas 1987, writ denied) (proof did not conclusively establish that all dealings were
undertaken as official duties shielding district officials from personal liability). Viewing the
summary judgment evidence in a light most favorable to Cockfield, Puryear did not establish
conclusively that at the time Zutella was bitten, the unrestrained dog was in the classroom for
teaching purposes. Accordingly, the summary judgment evidence does not show as a matter of
law that Puryear's decision to have the dog in the classroom at that time was "incident to or
within the scope of [her] duties" as a teacher. Tex. Educ. Code Ann. § 22.051(a) (West 1996).


Conclusion


 We hold that Puryear failed to establish she was entitled to qualified immunity
under section 22.051(a) as a matter of law. We overrule Puryear's point of error and affirm the
trial court's order.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: April 30, 1998

Do Not Publish

1.   Both parties agree the dog was not used in a disciplinary manner against the children.
Therefore, the exception to immunity for "excessive force in disciplining students or negligence
resulting in bodily injury to students" does not apply. Diggs v. Bales, 667 S.W.2d 916, 918
(Tex. App.--Dallas 1984, writ ref'd n.r.e.).
2.   As explained by Puryear in her deposition, the Girl Ann Program was a pilot program started
by another elementary school in the district that was designed to help students learn about the
responsibilities of owning and caring for a pet. 


ct of bringing her dog to school was within the scope of her duties as a
teacher and involved the exercise of her judgment and discretion. Further, she contends as long
as the dog was brought to school for reasons related to teaching and she was teaching at the time
of the incident, immunity should apply. Puryear asserts she conclusively established she was
entitled to qualified immunity.

 In response, Cockfield points out that at the time Zutella was bitten Puryear was
not using the dog directly in any teaching or educational capacity. Cockfield contends Puryear
failed to establish that at the time Zutella was bitten the issues of the dog's presence in the
classroom and whether it was properly restrained were related to or within the scope of Puryear's
teaching duties as a matter of law. Consequently, Cockfield argues that Puryear failed to show
she was entitled to summary judgment on the basis of qualified immunity.

 The summary judgment evidence does not conclusively show that Puryear was
using the dog as a teaching tool at the time Zutella was bitten. Except for the morning discussion,
the dog sitting on Puryear's lap during a reading segment, and the dog serving as a reading
partner for some of the children, the dog wandered freely about the room.

 We hold, under the facts of this case, that the affidavits supporting Puryear's
motion for summary judgment do not conclusively establish she was entitled to immunity. We
agree with Puryear that the affidavits she submitted show the dog was brought to school for
purposes related to teaching. However, although Puryear was teaching at the time of the incident,
the summary judgment evidence does not conclusively show that she was using the dog in her
instruction, nor is there any evidence of her plans to use the dog for instruction later in the day.
While the negligent acts, if any, occurred while Puryear was instructing the class, the dog had not
been directly involved in any instruction for some time. Simply because the dog was brought to
school and used for teaching purposes at some point during the day does not necessarily mean
Puryear was immune from negligence claims relating to the dog at times when the dog was not
being used for instruction. See Stimpson v. Plano Indep. Sch. Dist., 743 S.W.2d 944, 948 (Tex.
App.--Dallas 1987, writ denied) (proof did not conclusively establish that all dealings were
undertaken as official duties shielding district officials from personal liability). Viewing the
summary judgment evidence in a light most favorable to Cockfield, Puryear did not establish
conclusively that at the time Zutella was bitten, the unrestrained dog was in the classroom for
teaching purposes. Accordingly, the summary judgment evidence does not show as a matter of
law