# NO. 12-13-00358-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARLENE FIKE AS NEXT FRIEND OF HUNTER E. BODINE, A MINOR CHILD, APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *TRAVIS MILLER, JIM GREGORY, AND LATEXO INDEPENDENT SCHOOL DISTRICT, APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Darlene Fike, as next friend of Hunter E. Bodine, a minor child, appeals from the trial court's orders dismissing her suit against Travis Miller, Jim Gregory, and Latexo Independent School District (LISD). Fike contends that she asserted claims that should not have been dismissed. We affirm.

## BACKGROUND

Bodine is a student at LISD, and Miller is one of his coaches. Gregory is the superintendent of LISD. Fike, on behalf of Bodine, sued LISD, Miller, Gregory, and eight other individuals over an incident that occurred in the school gym. According to Fike's petition, Bodine was in the school gym with other students when he stumbled and fell as he attempted to tap another student on the neck. Ten to twelve students then ran to Bodine and hit and kicked him while he was on the floor. Bodine was injured, and as a result, he rested and drank from a cup of water instead of participating in the activities of the class.

Miller was assigned to be in the gym supervising the students, but he was not in the gym when Bodine was injured. While Bodine was resting, Miller approached him and told him to

discard the water. Bodine tried to tell Miller what happened, but Miller told Bodine that he did not want to hear his excuses. Miller then asked Bodine why Bodine was in athletics. After Bodine replied that he was in athletics because he "can be," Miller responded that Bodine was not fit to be in athletics because he was fat.

As to Miller, Gregory, and LISD, Fike asserted a claim of negligence and a violation of the Fourteenth Amendment of the United States Constitution. Miller and Gregory filed a motion to dismiss alleging that Fike had irrevocably elected to sue LISD. Therefore, they contended that Fike's suit against them was barred pursuant to Texas Civil Practice and Remedies Code Section 101.106. LISD filed a plea to the jurisdiction in which it asserted that it had immunity from Fike's suit. The trial court granted Miller and Gregory's motion to dismiss and LISD's plea to the jurisdiction. The trial court then severed Fike's claims against Miller, Gregory, and LISD from her claims against the students that she alleged hit and kicked Bodine.[1] Therefore, the trial court's dismissal of Miller, Gregory, and LISD became final and this appeal followed.

## JURISDICTION

In the trial court, Fike initially contended that the trial court had jurisdiction over her claims against Miller and Gregory through the Texas Tort Claims Act.[2] However, she then abandoned that argument, contending instead that Miller, Gregory, and LISD are not immune from suit as to her claims brought under Title 42, United States Code, Section 1983, and Texas Education Code Section 22.0511. Therefore, she urged that the trial court has jurisdiction. On appeal, Fike makes no argument that Miller, Gregory, and LISD's immunity has been waived by a provision of the Texas Tort Claims Act, but instead continues to argue that the trial court has jurisdiction over her claims brought under Section 1983 and Texas Education Code Section 22.0511.

**Standard of Review**

The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction. ***Bland Indep. Sch. Dist. v. Blue***, 34 S.W.3d 547, 554 (Tex. 2000). It may also be raised for the first time on appeal. ***Rusk State Hosp. v. Black***, 392 S.W.3d 88, 94 (Tex. 2012). The plaintiff has the burden of alleging facts sufficient to demonstrate the trial court's jurisdiction. ***Tex. Dep't***

_____

[1] Fike sued several students for assault. She did not allege that Miller, Gregory, or any employee of LISD participated in the assault of Bodine. The students are not parties to this appeal.

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-.109 (West 2011 & Supp. 2013).

2

*of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).  Whether a court has subject matter jurisdiction is a question of law reviewed de novo.  *Id*.  If a trial court lacks jurisdiction over some claims but not others, the trial court should dismiss those claims over which it does not have subject matter jurisdiction but retain those claims over which it does.  *See Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006).

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause.  *See Miranda*, 133 S.W.3d at 226.  We construe the pleadings liberally in favor of the nonmovant and look to the nonmovant's intent.  *See id*.  If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the nonmovant should be afforded the opportunity to amend.  *Id*. at 226-27.  If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction should be granted without allowing the nonmovant an opportunity to amend.  *Id*. at 227.

If a plea to the jurisdiction challenges the existence of the jurisdictional facts pleaded, we consider relevant evidence submitted by the parties where necessary to resolve the jurisdictional issues raised, as the trial court is required to do.  *See id*.  When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable.  *Id*.  In a case in which the jurisdictional challenge implicates the merits of the nonmovant's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists.  *Id*.  If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue should be left for trial.  *Id*. at 227-28.  However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court should rule on the plea to the jurisdiction as a matter of law.  *Id*. at 228.  When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant.  *See id*.  We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *See id*.

**Section 1983 Claims**

Fike asserted claims pursuant to Section 1983 against LISD and its employees, Miller and Gregory, in their individual capacities. Fike alleged that Miller's conduct supports a claim brought under Section 1983 because it was "conduct by a person, under color of state law, [which] proximately caused a deprivation of [Bodine's] federally protected rights, including but not limited to violations of the Fourteenth Amendment to the United States Constitution." Fike continued that LISD's "failure to properly train its employees in the prevention and intervention in the misconduct committed by its employees" likewise supports a claim brought under Section 1983.

We determined that Fike needed to provide additional briefing regarding her Section 1983 claims.[3] In her supplemental brief, Fike characterized her Section 1983 claims as Bodine's having been a victim of "peer harassment" at LISD. She claimed that the peer harassment violated Bodine's rights under the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See* U.S. CONST. amend. XIV. She argued that LISD and its employees engaged in deliberate indifference to the peer harassment, and this indifference amounted to the district's policy, custom, or practice. Further, she alleged, school administrators ignored the need to train and supervise employees regarding peer harassment, which, in turn, caused injury and ongoing peer harassment.

> *Applicable Law*

Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.] . . .

42 U.S.C. § 1983 (2006). To state a claim upon which relief can be granted under Section 1983, a plaintiff must allege (1) a deprivation of a federal right and (2) that the person who deprived the plaintiff of that right acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.

---

[3] We requested Fike to provide additional briefing that (1) specified the nature of Fike's Section 1983 claim, (2) identified the constitutional basis for the claim, and (3) directed us to the facts pleaded that evidence the claim or, if necessary, explain why Fike should be provided an opportunity to replead.

Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). Section 1983 creates no substantive rights, but instead only provides remedies for deprivation of rights created under the United States Constitution or other federal law. *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 1870, 104 L. Ed. 2d. 443 (1989).

A plaintiff does not allege a proper Section 1983 claim through an allegation of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677, 129 S. Ct. at 1949. For a plaintiff to plead a proper Section 1983 claim against a government official, the plaintiff must assert either (1) the official's personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the official's wrongful conduct and the constitutional violation. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008). A plaintiff alleging a government official's mere knowledge or acquiescence is insufficient. *Iqbal*, 556 U.S. at 677, 129 S. Ct. at 1949. Section 1983 claims against governmental officials require "claims of specific conduct and actions giving rise to a constitutional violation" rather than merely conclusory allegations. *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

In order to recover a judgment against a governmental entity under Section 1983, a plaintiff must establish that he sustained a deprivation of constitutional or other federally protected rights as a result of some official policy, practice, or custom of that governmental entity. *See Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). A plaintiff must allege that the custom or policy served as the moving force behind the violation at issue or that her injuries resulted from the execution of the official policy or custom. *Id*. The description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts. *Id*.

A plaintiff asserting a Section 1983 claim for a violation of the Equal Protection Clause based on a suspect class must show that (1) he or she is a member of a protected class; (2) a group similarly situated to the plaintiff (a) exists, (b) falls outside of plaintiff's protected class, and (c) received different treatment; and (3) the different treatment was motivated by purposeful discrimination. *Samaad v. City of Dallas*, 940 F.2d 925, 940-42 (5th Cir. 1991). If not part of a protected class, a plaintiff must then establish that he or she was treated differently than other similarly situated parties and that the different treatment was without a reasonable basis. *Sanders*

*v. Palunsky*, 36 S.W.3d 222, 225 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *see also **John Corp. v. City of Houston***, 214 F.3d 573, 577 (5th Cir. 2000) ("The Equal Protection Clause protects individuals from governmental action that works to treat similarly situated individuals differently.").

A plaintiff asserting a Section 1983 claim for a violation of the Due Process Clause must show (1) a recognized liberty or property interest and (2) intentional or reckless deprivation of that interest, even temporarily, under color of state law. ***Walton v. Alexander***, 44 F.3d 1297, 1301-02 (5th Cir. 1995) (en banc); *see also **Liberty Mut. Ins. Co. v. Tex. Dep't of Ins.***, 187 S.W.3d 808, 827 (Tex. App.—Austin 2006, pet. denied) ("[I]n order to bring a substantive due process claim, an individual must show they have a protected interest."). The government does not owe a constitutional duty to protect people from the wrongful acts of others in the absence of a special relationship. ***Doe v. Hillsboro Indep. Sch. Dist.***, 113 F.3d 1412, 1414 (5th Cir. 1997). Compulsory attendance laws restrict the freedom of students and parents, but they do not trigger "a constitutionally rooted duty of school officials to protect students from private actors." ***Id***. at 1415.

In rare circumstances, a plaintiff may proceed with a Section 1983 claim for a violation of the Due Process Clause under a state-created-danger theory. *See **id***. For the state-created-danger theory to apply, the state actors must have created a dangerous environment that they knew to be dangerous and their use of authority created an opportunity that would not otherwise have existed. ***Id***.

### *Analysis*

Although Fike complied with our request to provide additional briefing, we continue to have difficulty identifying her perceived constitutional violations. She refers to Miller's "mindset" and contends that LISD was indifferent to or authorized Miller's conduct that had authorized or allowed the peer harassment. Her pleadings were even less specific and did not constitute an assertion of personal involvement in the constitutional deprivation or a causal connection between the defendants' conduct and the alleged constitutional violation. ***Mesa***, 543 F.3d at 274.

Further, Fike's allegation that Miller, Gregory, and LISD are liable for a violation of the Equal Protection Clause is not sufficient. Fike admits that Bodine is not a member of a protected class. She has failed to allege how Bodine was treated differently than anyone else. *See **Sanders***,

36 S.W.3d at 225. Also, she failed to explain how the different treatment was without a reasonable basis. *Id*. And she has not identified any official policy, practice, or custom of LISD that resulted in a deprivation of Bodine's rights. *See Spiller*, 130 F.3d at 167. Put simply, Fike has not alleged facts showing that Bodine's rights under the Equal Protection Clause were violated.

To the extent that Fike seeks to hold Miller, Gregory, and LISD responsible for the actions of the individuals that hit and kicked Bodine based on a violation of the Due Process Clause, the facts do not support her. First, there is no evidence or allegation that Miller knew Bodine would be hit and kicked by the other students. While Miller was potentially negligent in leaving the students unsupervised, his conduct does not rise to the level of a constitutional violation. Certainly, Fike's pleadings do not support a finding that Miller could be found liable under a state-created-danger theory. *See Doe*, 113 F.3d at 1414. As for Gregory and LISD, Fike's pleadings fail to identify any conduct on their part that constitutes an intentional or reckless deprivation of a recognized liberty or property interest. *See Walton*, 44 F.3d at 1301. Again, even assuming that Fike's allegation that LISD failed to properly train Miller to supervise the class is the basis for her Due Process Claim, the alleged conduct falls short of a violation of the Due Process Clause. Moreover, Fike has not identified any official policy, practice, or custom that resulted in Bodine's injuries. *See Spiller*, 130 F.3d at 167.

In sum, Fike has failed to allege Section 1983 claims against Miller, Gregory, or LISD. Further, Fike's pleading defects cannot be cured because the facts of the incident involving Bodine do not rise to the level of constitutional violations. Accordingly, Fike's Section 1983 claims were properly dismissed. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

**Texas Education Code Section 22.0511**

Fike contends that Section 22.0511(a) of the Texas Education Code provides for an independent waiver of immunity outside the provisions of the Texas Tort Claims Act. She argues that it was incumbent upon Miller, Gregory, and LISD to plead this affirmative defense and the trial court's dismissal was erroneous due to their failure to do so. That section states as follows:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a

> professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC. CODE ANN. § 22.0511(a) (West 2012). The Texas Supreme Court construed identical language in a predecessor statute as abrogating immunity when an employee uses excessive force in discipline or engages in negligent discipline. *Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617, 619 (Tex. 1987). Negligent discipline is punishment that involves no force but rather requires some action on the part of the student, such as running laps, that results in the student's suffering bodily injury. *Id*. (citing *Diggs v. Bales*, 667 S.W.2d 916, 918 (Tex. App.—Dallas 1984, writ ref'd n.r.e.)). To allege a negligent discipline claim, a plaintiff must assert (1) the school district employee was negligent, (2) the circumstances involved student discipline, (3) the punishment required action on the part of the student, and (4) the student suffered bodily injury as a result of the punishment. *See id.*

Here, there is no discipline by a school district employee that resulted in injury to Bodine. Bodine was not being disciplined when he was hit and kicked by the other students. Instead, the only potential punishment levied against Bodine was Miller's demand that Bodine throw away his cup of water. But, Bodine did not suffer bodily injury when he threw away his water. Gregory and LISD had nothing to do with any punishment of Bodine. Thus, Fike did not state a cause of action to which Section 22.0511(a) would apply. *See id*.

## CONCLUSION

Fike did not plead viable claims under United States Code Title 42, Section 1983. Nor did she plead a claim invoking Texas Education Code Section 22.0511(a). Therefore, the trial court did not err in dismissing Fike's suit against Miller, Gregory, and LISD. We overrule Fike's sole issue. Accordingly, we *affirm* the trial court's dismissal of Fike's suit against Miller, Gregory, and LISD.

**BRIAN HOYLE**
Justice

Opinion delivered July 23, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 23, 2014**

**NO. 12-13-00358-CV**

**DARLENE FIKE AS NEXT FRIEND OF**
**HUNTER E. BODINE, A MINOR CHILD,**
Appellant
V.
**TRAVIS MILLER, JIM GREGORY, AND LATEXO**
**INDEPENDENT SCHOOL DISTRICT,**
Appellees

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 3-41442-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **DARLENE FIKE**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, and Hoyle, J.*